MASTROPIETRO LAW GROUP, PLLC
John P. Mastropietro (JM 7248)
*Attorneys for Defendants*
*M.S.T. General Contracting Restoration, Inc.*
*and Western Surety Company*
40 Broad Street, Suite 701
New York, New York  10004
(212) 943-9079
(212) 943-9218 fax
jpm@mastrolgpllc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| JACK ARGILA, in his fiduciary capacity as a Trustee for the POINTERS, CLEANERS & CAULKERS WELFARE, PENSION & ANNUITY FUNDS, the BRICKLAYERS JOINT APPRENTICE TRAINING FUND, the LABOR MANAGEMENT FUND, and the PROMOTION FUND; and as President of the BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL U NION NO. 1, B.A.C.I.U. AFL-CIO; and the TRUSTEES of the BRICKLAYERS AND TROWEL GRADES INTERNATIONAL PENSION FUND and the INTERNATIONAL MASONRY INSTITUTE, | **ANSWER TO AMENDED COMPLAINT**<br><br>23-CV-4165 |

Plaintiffs,

- against –

DANCO BUILDERS GROUP, INC., PARAMVIR SINGH, M.S.T. GENERAL CONTRACTING RESTORATION, INC., WESTERN SURETY COMPANY, PRO-METAL CONSTRUCTION, INC., and ATLANTIC SPECIALTY INSURANCE COMPANY,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant M.S.T. General Contracting Restoration, Inc. ("MST") by its attorneys, Mastropietro Law Group, PLLC, as and for its Answer to Plaintiffs' Amended Complaint, sets forth the following:

1. Denies the allegations set forth in Paragraphs "1" through "4" of the Amended Complaint and respectfully refers the Court to the statute(s) referenced therein for its true terms, meaning and effect.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "5" through "20", "22" through "54", "61", "62", "66" through "83", "91", "93", "94", "97" through "105", "107", "109", "111" through "131", "133", "136", "137", "139", "142" through "147", "149" through "154", "157", "164", "168" through "173", "175" through "177" of the Amended Complaint.

3. Admits the allegations set forth in Paragraph "21" of the Amended Complaint.

4. Denies the allegations set forth in Paragraphs "55", "56" and "158" of the Amended Complaint and respectfully refers the Court to the alleged contract(s) referenced therein for their true terms, meaning and effect.

5. Denies the allegations set forth in Paragraphs "57" through "60", "63" through "65", "159" through "161" of the Amended Complaint and respectfully refers the Court to the alleged payment bond referenced therein for its true terms, meaning and effect.

6. Denies the allegations set forth in Paragraphs "84, "85", "87" through "90", "92", of the Amended Complaint and respectfully refers the Court to the alleged letter(s) and/or emails referenced therein for their true terms, meaning and effect.

7. Denies the allegations set forth in Paragraphs "86", "96", "106", "108", "110", "134", "140", "155", "162", "165" and "166" of the Amended Complaint.

8. Denies the allegations set forth in Paragraph "95" of the Amended Complaint and respectfully refers the Court to the alleged settlement agreement referenced therein for its true terms, meaning and effect.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The Amended Complaint fails to state a claim as against MST upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. The Amended Complaint is barred to the extent it applies to activities prior to the applicable statute of limitations period.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. The claims set forth in the Amended Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, release and/or laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Upon information and belief, Plaintiffs have been paid in full.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. Certain of the Plaintiffs' funds are not jointly administered benefit plans within the meaning of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1). Accordingly, ERISA does not apply to those funds, and Plaintiffs have no standing to bring a claim on their behalf.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

14. Plaintiffs are seeking payment for categories of work not covered by the relevant agreement.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. The alleged employees for whom Plaintiffs claim benefit payments were not members of the Union, were not participants of the relevant benefit funds, and did not perform work that was within the coverage of the agreement in question.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. Defendant MST is not an employer within the meaning of ERISA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. The Plaintiffs assert causes of action and/or seek relief that is not provided for and/or which they are not entitled to receive under the Employee Retirement Income Security Act, 29 U.S.C. Section 1001, et. seq.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. Plaintiffs failed to exhaust all administrative remedies as required under the subject agreement and/or ERISA and/or LMRA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

19. Defendant MST as a defense founded upon documentary evidence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20. Defendant MST reserves the right to assert other affirmative defenses as may be warranted as discovery proceeds as well as any counterclaims or cross-claims.

**WHEREFORE**, Defendant M.S.T General Contracting Restoration, Inc. respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety; and award such further relief as the Court deems just and proper.

Dated: New York, New York
April 10, 2024

**MASTROPIETRO LAW GROUP, PLLC**
*Attorneys for Defendant M.S.T. General Contracting Restoration, Inc.*



By:_____
John P. Mastropietro (JM 7248)
40 Broad Street, Suite 701
New York, New York 10004
(212) 943-9079
jpm@mastrolgpllc.com

4

To:    Katherine M. Morgan, Esq. (KM8860)
       **HOLM & O'HARA LLP**
       *Attorneys for Plaintiffs*
       3 West 35th Street, 9th Floor
       New York, New York 10001
       (212) 682-2280
       k.morgan@hohlaw.com