UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACK ARGILA, *in his fiduciary capacity as a Trustee of the PCC Welfare, Pension & Annuity Funds, Bricklayers Joint Apprentice Training Fund, Labor Management Fund and Promotion Fund*; *and as President of the Bricklayers and Allied Craftworkers Local Union No. 1, B.A.C.I.U., AFL-CIO*; TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND AND THE INTERNATIONAL MASONRY INSTITUTE,

Plaintiffs,

-against-

DANCO BUILDERS GROUP, INC.; PARAMVIR SINGH; M.S.T. GENERAL CONTRACTING RESTORATION, INC.; WESTERN SURETY COMPANY; PRO-METAL CONSTRUCTION, INC.; ATLANTIC SPECIALTY INSURANCE COMPANY,

Defendants.

**MEMORANDUM & ORDER**
23-CV-4165 (NRM) (RML)

**NINA R. MORRISON**, United States District Judge:

On October 23, 2025, Plaintiffs Jack Argila, in his fiduciary capacity as a Trustee of the Pointers, Cleaners & Caulkers Welfare, Pension and Annuity Funds, the Bricklayers Joint Apprentice Training Fund, the Labor Management Fund, and

the Promotion Fund (the "Funds"), and as President of the Bricklayers and Allied Craftworkers Local Union No. 1, New York, B.A.C.I.U. AFL-CIO ("Local 1"), and the Trustees of the Bricklayers and Trowel Trades International Pension Fund and the International Masonry Institute (the "International Funds"), moved for default judgment against Defendants Danco Builders Group, Inc. ("Danco") and Paramvir Singh. *See* ECF No. 45. The Court referred the motion to Magistrate Judge Robert M. Levy for a Report and Recommendation ("R&R") on October 24, 2025. Dkt. Order dated Oct. 24, 2025.

Judge Levy issued an R&R on June 18, 2026, recommending that the motion be denied "without prejudice and with leave to renew upon the submission of updated damages calculations that comply with the statute of limitations." *See* ECF No. 52 at 14. Plaintiffs filed objections to the R&R on July 2, 2026, pursuant to Fed. R. Civ. P. 72(b), limited to the issue of damages and, specifically, the amount of unpaid contributions that Plaintiffs are entitled to recover under the applicable six-year statute of limitations. *See generally* ECF No. 54.

Upon *de novo* review, *see* Fed. R. Civ. P. 72(b)(3), the Court hereby adopts the R&R in part with respect to Defendants' liability for damages, but declines to adopt the R&R with respect to the statute of limitations and the damages available to Plaintiffs. It is undisputed that a six-year statute of limitations period applies to actions like the present one, which bring claims for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*, and the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 184.

*See* ECF No. 52 at 13; ECF No. 54 at 5–6. However, "[a]lthough state law furnishes the statute of limitations in an action for unpaid contributions under ERISA, federal law determines when the limitations period begins to run. Under federal law, the statute of limitations begins to run 'when the plaintiff knows or has reason to know of the injury that is the basis of the action.'" *Hanley v. Aperitivo Rest. Corp.*, No. 97-CV-5768 (MBM), 1998 WL 307376, at *7 (S.D.N.Y. June 11, 1998) (citations omitted).

Plaintiffs retained a company to perform an audit examination of Defendant Danco; the report from this audit was issued on June 7, 2022, "which revealed a delinquency of unpaid fringe benefit contributions, dues and assessments . . . owed to Plaintiffs for work performed during the period of June 1, 2015 through March 31, 2022." ECF No. 50 at 7–8. A revised audit was issued on September 27, 2022, revealing delinquent unpaid fringe benefit contributions, dues, and assessments owed to Plaintiffs for work performed during the same time period (*i.e.*, June 1, 2015 through March 31, 2022). *Id.* at 8.

In their default judgment motion, Plaintiffs seek judgment in the amount of $157,936.95, including, *inter alia*, "[r]emaining unpaid contributions per the Revised Audit in the amount of $2,022.22 for the period of June 1, 2015 through March 31, 2022" and "[r]emaining unpaid dues and assessments per the Revised Audit in the amount of $148.54 for the period of June 1, 2015 through March 31, 2022." *Id.* at 28. Judge Levy recommended that Plaintiff's claims be barred "to the extent they are based on conduct that occurred prior to June 6, 2017, which is six years before they commenced this action." ECF No. 52 at 13. Plaintiffs objected and contended that

"prior to the June 7, 2022 audit report, [they] had no 'reason to awaken inquiry' for unpaid contributions dating back to June 1, 2015." ECF No. 54 at 8; *see Hanley*, 1998 WL 307376, at *8.

The Court agrees that Plaintiffs' objections on this point are well-founded, although they could (and should) have presented the basis for their damages claim far more clearly in the original default judgment motion than they did.[1] Because Plaintiffs had no reason to know (nor to inquire whether) Defendants were delinquent in their contributions to the Funds prior to the issuance of the first audit report, the statute of limitations for their claims for unpaid contributions began to run on June 7, 2022, when the first audit report was issued. Accordingly, Plaintiffs' claims for unpaid contributions, dues, and assessments between June 1, 2015, and March 31, 2022, are not time-barred, as there is no evidence to suggest that Plaintiffs were aware of irregular contributions prior to the first audit report. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Halcyon Constr. Corp.*, No. 15-CV-1191 (PGG), 2017 WL 5643603, at *5–8 (S.D.N.Y. Mar. 31, 2017).

---

[1] While Plaintiffs sought damages for unpaid contributions, dues, and assessments beginning from June 1, 2015 in their default judgment motion, they did not explain — as they eventually did in their objections — the reasons why they were seeking damages for claims prior to June 6, 2017 (*i.e.*, six years before the action was filed), nor did they cite the authorities in their objections to the R&R, which state that the statute of limitations period did not begin to run when, as here, they had no reason to know of Defendants' delinquency until after the issuance of the first audit report. For that reason, Judge Levy had no reason to adopt Plaintiffs' damages calculations at the time the default judgment motion was originally referred to him.

Plaintiffs' motion for default judgment is granted against Defendants Danco and Singh. Plaintiffs are awarded $157,936.95 consisting of:

(1) Remaining unpaid contributions per the Revised Audit in the amount of $2,022.22 for the period of June 1, 2015 through March 31, 2022;

(2) Ten percent (10%) interest on the delinquent contributions in the amount of $51,446.57;

(3) An additional interest on ERISA contributions in the amount of $50,909.56;

(4) Remaining unpaid dues and assessments per the Revised Audit in the amount of $148.54 for the period of June 1, 2015 through March 31, 2022;

(5) Nine percent (9%) interest on the delinquent dues and assessments in the amount of $3,785.86;

(6) Audit costs in the amount of $2,350.00;

(7) Attorneys' fees in the amount of $46,502.00 and

(8) Costs and expenses in the amount of $772.20, in accordance with Article XV, Section 7 of the [Collective Bargaining Agreements] and Section 1132(g)(2)(D) of ERISA.

**SO ORDERED.**

*<u>/s/ Nina R. Morrison</u>*
Nina R. Morrison
United States District Judge

Dated: September 29, 2026
Brooklyn, New York